**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROSE LAVIN, | : | Civil Action No. 05-1370 (JAG) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| DR. RICHARD BEZOZO CARE STATION MGMT, INC. | : | |
| Respondent. | : | |

THIS MATTER comes before the Court upon application by Petitioner, Rose Lavin, dated September 15, 2005, requesting appointment of pro bono counsel. For the reasons set forth below, Petitioner's application is approved.

### DISCUSSION

There is no constitutional right to counsel in a federal civil case, but the Court may use its discretion to appoint counsel to any indigent civil litigant proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1). In determining "when it is proper to appoint counsel for an indigent litigant in a civil case," the court must first determine, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). If plaintiff's claim has arguable merit, the Court next must determine whether the appointment of counsel will benefit both the petitioner and the Court. Id. In determining the benefit of appointing counsel, the Court should consider: "(1) the plaintiff's ability to present his or her own

case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf." Id. (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)).

In the instant matter, Plaintiff alleges that Defendant discriminated against her on the basis of national origin, age and disability, in violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act of 1990 (ADA). The U.S. Equal Employment Opportunity Commission (EEOC) found "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge . . . ." (Notice of Right to Sue - Conciliation Failure (12/15/04)). Therefore, it appears that Plaintiff's claim has "some merit in fact."

As stated by the Third Circuit, "the most significant of Tabron's post-threshold factors is the plaintiff's ability to present his or her case." Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002). In the instant case, the plaintiff speaks both Spanish and English, but her first language is Spanish. She has requested an attorney who speaks both Spanish and English, as she may have some difficulty presenting her own case adequately. Given the potential language barrier, she may have some difficulty understanding the possible complexities of her case. Plaintiff is also recuperating from a lengthy illness.

Next, in analyzing legal issues for the purpose of appointing counsel, courts look at "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at

459. The Court must examine the degree of factual investigation necessary and the ability of the Plaintiff to pursue investigation. Id. at 460. Based on the information provided, it appears that Plaintiff has already pursued some factual investigation in her case, and is capable of continuing in this effort. Next, when considering the extent to which a case is likely to turn on credibility, courts "should determine whether the case was solely a swearing contest." Id. Presently, there is not enough information to make this determination. The next factor for consideration is whether the services of expert witnesses will be required. There is no evidence as to whether this case will require testimony from expert witnesses. Therefore, this factor cannot be considered at this time. The final factor for consideration is whether the plaintiff has the capacity to retain counsel on her own behalf. According to the information provided, Plaintiff has repeatedly attempted to secure the services of an attorney, but the cost was prohibitive.

The circumstances of this case indicate that three of the four Tabron factors that can be evaluated weigh in favor of the appointment of pro bono counsel. The Third Circuit has instructed that "where a plaintiff's case appears to have merit and most of the aforementioned [Tabron] factors have been met, courts should make every attempt to obtain counsel." Id. at 461. Therefore, based on this Court's analysis, the Plaintiff is entitled to the appointment of pro bono counsel.

<u>CONCLUSION</u>

For the foregoing reasons, this Court approves Petitioner's application for appointment of pro bono counsel.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 28, 2005